UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIN LIU, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br><br> Defendant. | Case No. 16-cv-01553-MEJ <br><br> **ORDER RE: MOTION TO ALTER OR AMEND JUDGMENT** <br><br> Re: Dkt. No. 27 |

## INTRODUCTION

Plaintiff Jin Liu appealed the denial of his application for Social Security Benefits by commencing an action in this Court. *See* Compl., Dkt. No. 1. The Court granted in part and denied in part Plaintiff's Motion for Summary Judgment, finding the Administrative Law Judge ("ALJ") had erred in discounting the opinion of Plaintiff's treating physician, Dr. Leyba. *See* Order at 13-16, Dkt. No. 25. The Court remanded the action because the "case would benefit from further administrative proceedings to give the ALJ the opportunity to develop the record by obtaining additional information from Dr. Leyba or Dr. Steh, or requiring Plaintiff to undergo a mental health examination with an [Social Security Administration ("SSA")] consultant." *Id*. at 16; *see also id*. at 19 ("The case is remanded for further proceedings. On remand, the ALJ shall obtain additional information from Dr. Leyba and/or Dr. Steh, and may require Plaintiff to undergo a mental health evaluation.").

Plaintiff now moves to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing the Court erred by failing to apply the credit as true doctrine and remanding the case instead of ordering payment of benefits. *See* Mot. Defendant filed an Opposition (Dkt. No. 30); Plaintiff did not file a reply.

For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's

Motion. It amends its judgment to remove its direction requiring the ALJ to obtain additional information from Dr. Leyba and/or Steh, and the reference to obtaining a mental health examination from an SSA consultant; however, it does not otherwise amend its prior decision to remand the action for further administrative proceedings.

**DISCUSSION**

A Rule 59(e) motion may be granted on four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks and citation omitted). Plaintiff invokes the first and third grounds. *See* Mot. at 1.

**A.  The Credit-As-True Doctrine[1]**

Generally when the SSA does not determine a claimant's application properly, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). In the Ninth Circuit, these rare circumstances include when improperly rejected evidence, such as a claimant's testimony or the opinion of a treating physician, "should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). This "credit-as-true doctrine" incentivizes careful analysis during an ALJ's first review of the credibility of claimants' testimony and promotes efficient and timely final decisions for claimants, many of whom "'suffer from painful and debilitating conditions, as well as severe economic hardship.'" *Garrison v. Colvin*, 759 F.3d 995, 1019−20 (9th Cir. 2014) (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1398−99 (9th Cir. 1988)). "'[I]f grounds for [concluding that a claimant is not disabled] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.'" *Id.*

---

[1] The Court notes the Commissioner's objection to the credit-as-true doctrine (Opp'n at 2 n.3) for the record, but this Court is bound by Ninth Circuit precedent. *See Garrison*, 759 F.3d at 999 ("credit-as-true" doctrine is "settled" in this Circuit).

2

at 1020 (quoting *Varney*, 859 F.2d at 1399) (alterations in original). The Ninth Circuit recently reaffirmed the validity of the doctrine in this Circuit, and noted that its own "precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis." *Garrison*, 759 F.3d at 1021.

> In applying the "credit-as-true" doctrine, district courts in the Ninth Circuit
>
>> should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Benecke*, 379 F.3d at 593. The record has not been fully developed if "there is a need to resolve conflict and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time." *Treichler v. Colvin*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotation marks, citations, and modifications omitted). In *Treichler*, the Ninth Circuit clarified that, in the second step, the court assesses "whether there are outstanding issues requiring resolution *before*" crediting the claimant's testimony as true. *Id.* at 1105-06. Legal error by an ALJ, in and of itself, does not require a court to accept the claimant's testimony as true. *Id.* at 1106. Rather, "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.* at 1101. Furthermore, even when the three *Benecke* elements are satisfied, courts must remand cases for further proceedings when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 750 F.3d at 1020; *see also Dominguez v. Colvin*, 808 F.3d 403, 407–08 (9th Cir. 2015), *as amended* (Feb. 5, 2016) ("[T]he district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true. If so, the district court may exercise its discretion to remand the case for an award of benefits. [Cite.] A district court is generally not required to exercise such discretion, however.").

3

**C. Plaintiff's Argument**

The undersigned granted Plaintiff's Motion in part, because the reasons the ALJ articulated for rejecting Dr. Leyba's opinions were not "clear and convincing":

> [T]he ALJ applied the incorrect standard. A treater's opinion does not need "substantial support" from the other evidence of record; it only needs to be "well supported" by "medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p. An opinion is "well supported" if there is "some reasonable support" for it. *Id*. There is "some reasonable support" for Dr. Leyba's opinions, notably her longitudinal observations and treatment of Plaintiff since 2012, as well as her review of Plaintiff's other treatment records (including Dr. Steh's neuropsychological evaluations (AR 1026-36, 1105-11), the VA's treatment of Plaintiff's physical ailments since 2010, and the VA's 2012 determination that Plaintiff had a service-connected disabling low-back condition (AR 223-25)). Her opinions are further supported by the multiple medications she and Dr. Chang prescribed for Plaintiff's mood, concentration, sleep, and pain.

Order at 13.

The Court declined to make a finding of presumptive disability and instead remanded the action because it found the "case would benefit from further administrative proceedings to give the ALJ the opportunity to develop the record by obtaining additional information from Dr. Leyba or Dr. Steh, or requiring Plaintiff to undergo a mental health examination with an SSA consultant." *Id*. at 16.

Plaintiff moves to alter or amend the judgment because (1) neither party requested further development of the record, and the ALJ already had two opportunities to do so; (2) given his last-insured date of June 30, 2015, SSA guidelines would not recommend obtaining a mental health examination of Plaintiff; and (3) the results of any mental health examination upon remand would not provide probative evidence addressing whether Plaintiff became disabled as of June 30, 2015. *See* Mot. at 2-6.

**D. Analysis**

1. <u>Manifest Error of Law of Fact</u>

The Court first evaluates whether the three *Benecke* factors justify the application of the credit-as-true doctrine.

The Court found the ALJ had failed to provide legally sufficient reasons for rejecting the

4

opinion of Plaintiff's treating physician, Dr. Leyba. *See* Order at 13-16. Neither party challenges this finding in connection with this Motion (*cf*. Opp'n at 4 n.4); the first *Benecke* factor therefore is met.

Plaintiff next argues there are no outstanding issues that must be resolved. Mot. at 11. Based on Dr. Leyba's opinion, Plaintiff argues he is presumptively disabled at Step 3 of the disability analysis because his impairments result in marked limitations in two categories, and thus he meets and/or equal Listings 12.04 and 12.06. In addition, the Vocational Expert ("VE") testified that someone with those impairments was disabled at Step 5. Finally, Plaintiff would be disabled because Dr. Leyba opined he had a substantial loss in the ability to perform basic work-related activities. *Id*. at 11-12.

Plaintiff's argument is foreclosed by Ninth Circuit precedent:

> Dominguez argues that because the ALJ made a legal error in rejecting Dr. Bhakta's opinion, the district court should credit Dr. Bhakta's opinions regarding the extent of her limitations as true. If these opinions were deemed true, Dominguez claims, the ALJ would have been required to find her disabled. But this reverses the required order of analysis. As we have previously explained, the district court must "assess whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law." If such outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings. Here, there are multiple inconsistencies that preclude the district court from moving on to the next step.

*Dominguez*, 808 F.3d at 409 (quoting *Treichler*, 775 F.3d at 1105-06). As in *Dominguez*, the Court finds there are multiple inconsistencies that require remand in this instance. First and foremost, the Court found the ALJ had not erred in finding Plaintiff was not fully credible, based on Dr. Leyba's assessment that Plaintiff was responding to treatment, on Plaintiff's daily activities (including his return to school), on the lack of objective diagnostic findings supporting the extent of Plaintiff's limitations, and on other factors. Order at 17-19. An adverse credibility determination weighs in favor of remand. *See Dominguez*, 808 F.3d at 409. Second, some of Dr. Leyba's opinions that Plaintiff suffers from marked limitations are inconsistent with other evidence in the record. Plaintiff attended school during the period during which he alleges he was

5

completely disabled, and engaged in daily activities that are inconsistent with his claims of total disability. Dr. Steh's neuropsychological examination noted several findings that are inconsistent with Dr. Leyba's findings of "poor" ability. *See* AR 1029-34 (speech and comprehension improved as evaluation progressed despite initial problems; thought processes logical and goal-oriented; attention and concentration ranged from impaired to average but improved as he relaxed; would need ample time to learn new material and to break down complex tasks). The Veterans Administration found Plaintiff was not disabled by PTSD or any mental health condition. AR 224, 699. Plaintiff testified and Dr. Leyba opined that treatment and medication were generally successful in controlling his symptoms.

Based on this evidence, the undersigned finds there are outstanding issues and ambiguities that must be resolved before a determination of disability can be made. This precludes the Court from deeming Dr. Leyba's opinions about the extent of Plaintiff's impairments to be true, especially to the extent her opinions are based on Plaintiff's self-reported limitations. The Court therefore does not move to the next step of the analysis. The Court must "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Treichler,* 775 F.3d at 1109. Accordingly, the Court continues to finds it necessary to remand Plaintiff's claim for further administrative proceedings.

2. <u>Manifest Injustice</u>

The Court appreciates the additional delay may impose financial difficulties while Plaintiff awaits the outcome of the proceedings. Mot. at 6 (quoting *Benecke*, 379 F.3d at 595). However, this delay does not amount to manifest injustice requiring remand for immediate payment of benefits where, as here, the Court affirmed the ALJ's credibility finding and finds outstanding issues must be resolved by the ALJ before Plaintiff can be found disabled. *See Dominguez*, 808 F.3d at 409; *Treichler*, 775 F.3d at 1106 ("While we have recognized the impact that delays in the award of benefits may have on claimants, such costs are a byproduct of the agency process and do not obscure the more general rule that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings." (internal quotation marks and citation omitted)).

# CONCLUSION

For the reasons stated above, the Court finds its judgment is not based on a manifest error of law or fact and does not result in manifest injustice to Plaintiff. The Court continues to find further administrative proceedings are necessary to determine whether Plaintiff is disabled. The case is remanded for further administrative proceedings to resolve inconsistencies and ambiguities in the record. But as the parties argue in their briefs, requiring Plaintiff to undergo a mental health examination at this juncture would be "of questionable value" (Opp'n at 1; *see also* Mot. at 2-3), and neither party requested further development of the record (Mot. at 4). The Court accordingly amends its Order to remove references to a mental health examination or directions to further develop the record; however, the ALJ is not precluded from reopening the hearing to receive additional evidence should such a course of action be deemed appropriate.

**IT IS SO ORDERED.**

Dated: May 4, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge